UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VERNON L. HALL, | ) |
|             Petitioner, | ) |
| v. | ) No. 1:06-cv-399-SEB-VSS |
| TOM HANLON, Superintendent, | ) |
|             Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Vernon Hall, a state prisoner, seeks habeas corpus relief. For the reasons explained in this Entry, his petition must be denied and this action dismissed without prejudice.

**Discussion**

Hall was sentenced in 1999 following his conviction for Child Molesting as a Class A felony. He alleges in the present action that Indiana prison authorities have improperly computed the date of his release by not awarding him credit for an education achievement while he has been serving the sentence. He contends that if he receives that credit he would be immediately released from the custody of the Indiana Department of Correction.

A habeas petitioner such as Hall must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.* Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 124 S. Ct. 1347, 1349 ( 2004).

Here, a meaningful state court remedy exists, illustrated by Indiana appellate decisions in *Renfroe v. State,* 2001 WL 62583 (Ind.Ct.App. January 25, 2001), and *Moshenek v. Anderson,* 718 N.E.2d 811, 812 (Ind.App. 1999), and resort to this remedy cannot be avoided on the basis that a remedy under 28 U.S.C. § 2254(a) might be thought more expedient.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992).  The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Mr. Hall to proceed with his claims in the Indiana courts.  So shall it be, and judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 06/12/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana